Our third case this morning is No. 232214, Diehl v. Collins. Mr. DeHoffkos. Thank you, Your Honor. May it please the Court, on behalf of Mrs. Diehl, I want to thank the Court for the opportunity to present her appeal. Before diving into our argument, I want to emphasize that Mrs. Diehl is not asking for an effective date of 1991 for her claim. Instead, she's asking this Court to enforce its precedent on 3.156B to the undisputed facts of this case and find that the 1990 claim, 1991 claim, is the date of application for determining the effective date under 5110. And that would then require the Board to make the initial fact-finding whether the facts find that she had the disability, etc., prior to the current effective date of 1995. Mrs. Diehl asks this Court to again review 3.156B. Whereas the prior precedent has dealt with VA's obligations when this regulation has been triggered, resolution of this appeal rests on the effect of VA's failure to comply with 3.156B. Counsel, I noticed on the second page of your brief, under Statement of Issues, you say that the Veterans Court misapplied 38 CFR 315. Is that what this case is about? So the issue, yes, Your Honor, they misapplied 3.156B. To this application of law to facts? No, not to, well, to undisputed facts, yes, Your Honor. And as I pointed out in our reply brief, the law to undisputed facts is a question of law over which this Court has jurisdiction. We know that VA issued a decision in July 1992. There's no dispute to that. We also know that in May of 1993, within a year of that decision, VA received treatment records on that claim, on the issue of that claim. And we also know that in 1996, VA issued a subsequent decision. And in Appendix 115, the Board made a favorable finding that that decision did not consider those records. And it was not until the claim was granted in 2016, later appealed through the Board and to the Court, that the records in the 1993 records were addressed as required under 3156B, as interpreted by Bond and Baratt. And so the undisputed facts establish that these records were never addressed prior to the claim being granted. And under the binding precedent, again, Bond and Baratt, that that 1991 claim remains pending until that responsive determination is made. Well, I don't read the prior art as saying that the claim remains pending. I read the prior cases as suggesting that if there hasn't been a required determination, that there has to be a remand to instruct the Board or Veterans Court to make the determination. No, Your Honor. I don't read the case law to say that. As we cited in our briefs. Well, they did remand in those cases. They did, Your Honor, but keep in mind that that remand was necessary because that determination had not been made. And until the determination is made, Baratt was very clear, and that has been reaffirmed in Pickett, in Hampton, and again in Williams as the Secretary filed the notice of Williams, which was issued just a few days ago, that each of those subsequent cases has reaffirmed over and over that the claim remains pending until that determination is made. And here, what the Veterans Court did is affirm the Board's determination that if the evidence is not new and material, then we can go back and retroactively finalize a claim. But it's either pending or it's not. If the evidence has not been responded to, if the Veteran does not receive that response to determination as required by the regulation, as interpreted in Baratt, then the claim remains pending. And this is what happened here, again, under the undisputed facts. I just need a little help on this. If you're right about that, that the claim remained pending, it remained pending until 2021? Well, at least until 2016, Your Honor, when the claim was eventually granted. But I think it's indisputable now, but help me if I'm wrong, that by 2021, at the latest, the Board did go through and tell you what it thought of the 1993 evidence. It said maybe it's new, but it's not material, right? Correct. So what more could you get out of this appeal, even if you won the appeal? So the effect of delaying that determination, delaying the notice of that responsive determination, is that the 1991 claim remained pending. And so if the VA neglects to comply with the regulation and doesn't provide that determination, then the 1991 claim is still alive. And so when the Board, I'm sorry, when the Secretary granted the claim in 2016, it was addressing the 1991 claim, not, as the Board found, the 1995 claim, because it was still pending. And so in these later decisions... That's a new issue for us, right? The cases you're relying on don't decide that. Barad, I think Barad addresses that to the extent that it recognizes that the claim remains pending. No cases to date have actually addressed this specific question of if it remains pending and the VA neglects to comply with this regulation until after it grants the claim, does that first claim or that prior claim remain the date of claim for 5110 purposes? That's the new novel issue in this case, which is the logical next step in all of these, the whole line of cases through Pickett, Hampton, and now Williams. And what Pickett and Hampton and Williams said was the VA did do that at an earlier time, just implicitly, or in Williams at least, the most recent iteration, is that it did it in a statement of the case, and that's permissible because, and then it went through the regulatory requirements for that. But I would just like to really highlight what Barad said. As we made clear in Bond, and I'm looking on page 1406 of that decision, as we made clear in Bond that VA's obligations under 3156B are not optional. And then it goes on to say, in Bond, we unambiguously rejected the pre-presumption when there's no indication that VA has made the determination under 3156B. And finally, it reaffirms that VA must provide, going to 1407 now, under 3156B, that VA must provide a determination that is directly responsive to the new submission and that, until it does so, the claim at issue remains open. And so because the findings here, the undisputed facts, show that the VA never made that determination in 1996, which is the only other possible decision that could have, then the claim under Barad remained open until it was granted in 2016. And again, going back, Pickett, Williams, Hampton all reaffirm, when they describe the holding in Barad, use those words, that the claim remains open. The claim remains pending. And that's what Mrs. Deal is asking this court to recognize and settle in a precedential decision that, what does it mean to remain open? And we think, of course, that it means that that 1991 claim was the one that was before the VA when it granted the claim in 2016 as opposed to the 1995 claim. And then, just to emphasize again, the 2016 decision was appealed to the board, challenging the effective date from the beginning, asking for the 1991 date as the application before the VA for 5110 effective date purposes. Let me ask you, I think this is just another way of asking the same question I asked you before, but I want to make sure I understand your answer. Page 20 of the red brief, what the government argues is that we've already received the only remedy we could possibly be entitled to, an explicit decision from the board that the evidence received by VA within a year of the 1992 rating decision was not new and material. Having found that it was not new and material, there's no basis for the VA to treat that evidence as part of her 1991 claim. What's wrong with that contention? So, Your Honor, what's wrong with that contention is, and we highlighted in our reply brief, that is the remedy when the VA hasn't done it yet and it's before the court. The issue here is what is the consequence of failing to do that until after the claim has been granted. Again, under Barad, the clear holding, the claim remains open. An open claim is one that hasn't been finally decided. Once they grant the claim, the effective date is based on the date of application that was open, which in this case is 1991. So, in 2015, the board had made the lack of materiality, determination with respect to the 1991 claim and new and material evidence that wouldn't remain pending under those circumstances, right? It would not. That would satisfy 3156B, Your Honor, and then under these facts. Wait, what's the answer? Well, under these facts, that claim was appealed. I gave you a hypothetical. Once the determination is made, Your Honor, that satisfies the regulation. So there would be no way to rely on that as the earlier effective date once the determination had been made. Right, and that's Pickett, that's Hampton, that's Williams. That's when it happens prior to the granting of the claim. On a claim, on a decision, by the way, that was never appealed. This one, Mrs. Deal did appeal the decision. So under your question, Your Honor, if the VA had made that determination in 2015 and Mrs. Deal appealed that decision, then that prior open claim would still be alive because it had been put in appellate status. All that this is doing, Your Honor, is establishing when was the application received that the VA is looking at. And under Broad, when VA fails to satisfy, fails to comply with 3156B, the earlier claim remains open until they do that. Here that never happened until after the claim was granted, and for that reason, the 1991 claim is the application for effective date purposes. The problem that I see is that, if I'm correct, that in the 2016 determination, there was no argument that the claim remained open and should date back, correct? At that time, Your Honor, there was no opportunity to present that. Let's just answer the question. In 2016, there was no argument that the 1991 claim should be considered as part of that determination or that that entitled her to an earlier effective date, correct? That's correct, Your Honor. So why isn't it too late to raise the issue that you're raising now? Maybe if in 2016 there had been an argument that the claim remained pending and that the 1991 should be the earlier effective date, there'd be something to this. But why isn't it too late to raise that issue now when it could have been raised in 2016? A couple of reasons, Your Honor. Number one, when the board was reviewing the claim in 2016, they were looking at whether the psychiatric condition was entitled to compensation, whether it was service-connected. The downstream issue of date of claim, effective date, was not before the board, and this Court's precedent firmly establishes that a second notice of disagreement is required before that issue. There was no initial determination by the VA which application was being considered. It was not until the RO implemented the board's grant, assigned an effective date, and told her that, well, initially it was a 2001 claim. So the simple question, why wasn't she obligated to raise this argument that you're making in 2016 if she wanted to raise it? I mean, you know, there's got to be some requirement on veterans making claims to raise issues in a timely way. Why isn't it untimely to do this now when it could have been raised in 2016? Because the VA has the obligation to correctly apply the law, Your Honor. 38 CFR 3.103a obligates the VA to apply the law, not Mrs. Diehl. Mrs. Diehl's only obligation at the initial... Sort of suggested there's no obligation to raise issues. Well, but she did, Your Honor. She raised it in her notice of disagreement. As soon as the VA made a... Not in the 2016 proceeding. She did, Your Honor. She appealed that 2016 decision to the board for a de novo review. That's what 7105 guarantees her per Congress. The VA makes mistakes all the time. If the claimant was required to tell the VA at the outset which claim was before them, then in my experience and in many other cases, the VA routinely messes up effective dates. And the VA... The claimant is entitled by law because it's the VA's obligation to apply the correct law to assume that the VA is going to do that. And when they make a mistake, there's an entire appellate process, which she took advantage of to make that mistake corrected. And so, yes, they need to raise... Yes, the claimant needs to raise the issue, but they have under 7105 a mechanism for doing that, which she did. To the board, she argued the 1991 claim was the date of claim before the VA when they granted the claim. That continued in the Veterans Court and now here. I am through my rebuttal time, but if there are no other questions... We'll give you a few minutes for rebuttal. Thank you, Your Honor. Mr. Perlin. Good morning, Your Honors, and may it please the Court. So take my hypothetical about 2015, okay? Yes, Your Honor. And she raises as part of the argument that resulted in the 2016 decision, she argues I should get an early effective date because I really made the application in 1991 and that application is still pending. What's the outcome if she had raised it in part of the 2016 proceeding? Would she get the earlier effective date in 1991? I think that it would have depended on how VA would have adjudicated that claim at the time. I think the answer is no based on the facts of this case as they were ultimately adjudicated because VA ultimately looked at that issue and determined that the evidence that she submitted was not new and material. And presumably that's the same determination they would have made had she raised that claim in 2016. We do think she could have come in in 2016 and said not only should I get service connection, but my effective date for service connection for this disorder should be 1991, and VA would have adjudicated that. It is also fairly common that VA adjudicates an effective date, I'm sorry, a claim, assigns an effective date, and then that effective date is further appealed. I don't think it would have precluded her from that type of practice, would have precluded Mrs. Deal from coming in and making that claim. But I don't think the court has to reach that issue to decide this case in our favor. And that is because despite appellants' arguments otherwise, it is really key to this case that they concede that they do not challenge, and this is in among other places at page four of their reply brief. She says very specifically, Mrs. Deal says very specifically, that she does not challenge the materiality of the 1993 evidence. So that issue is out. And the fact that that issue is out is key because the touch tone of the whole regulation and the regulatory scheme here, and in particular I'm talking about 38 CFR 3.156 A and B, the whole regulation, the whole touch tone of this regulation is an exception to finality based on new and material evidence. The exception does not apply as a matter of the statute, as a matter of law, unless you have new and material evidence. Here VA determined the evidence was new but that it was not material. And so that is really key because to take the position that appellant has taken and is taking that whether or not the evidence is new and material is irrelevant because until VA makes a particular determination about that evidence, the claim remains open is totally divorced from the regulatory scheme. It's a step too far. If you do that, you'd end up with essentially a new and material evidence exception to finality that doesn't actually require new and material evidence, and that just can't stand. It's also at odds with how the regulatory scheme itself works, and I hope to get slightly technical here. Despite some of the language we've seen, I think the language they've referred to in Barreau, there's completely opposite language to that in Bond where the court specifically said, we need to remand for the VA to make this determination about whether it's new and material in the first instance, and if so, then does it change the effective date? That language is in Bond at page 1368 most strongly and also at page 1367. And in both cases, as I think Your Honors noted during my colleague's remarks, the court didn't say, well, if this hasn't been adjudicated, then the person gets benefits or gets the benefit of an early effective date. They remanded to VA, the court remanded to VA, to make that determination about whether it's new and material evidence. But as I was saying a moment ago, this also gets back to the mechanics of the regulation. The way this regulation works is that a claim can be a claim that has become final. The 1992 decision here was a final decision, and the claim became final. A claim that becomes final can be reopened by the submission of new and material evidence. And if that new and material evidence is submitted within one year of the claim, I'm sorry, of the final decision, then it can relate back to the final decision. But despite some of the language in Barreau, what we're talking about here is not claims that just remain open until VA adjudicates the issue. The claim is actually being reopened because there's new and material evidence. If you don't have new and material evidence, you're not going to satisfy that exception. What I understand correctly is that the claim was not open, and the issue raised was whether it should be reopened because of new and material evidence. And all we have is a decision now not to reopen the claim rather than to a decision to close an open claim. Is that the point? Yes, along those lines. And I would direct your honors on this issue to the VA rulemaking itself from 1990. We cited this rulemaking on the definition of new and material evidence at page 16 of our brief. Further down in the rulemaking, here's what VA said. And it goes to the point that what we're talking about is a reopening of the claim. VA said in response to one of the comments about their definition, we are unable to find any indication in the law or its legislative history that Congress-expected claimants would be able to reopen claims with evidence which cannot meet the standards set forth in the proposed definition, which is the definition of new and material evidence. The current version of the regulation actually uses the word reopen specifically. Back in, I think, 1993, it was a little different. The regulation didn't use the word reopen, and instead it was in the statute, 38 U.S.C. 5110A. At that time, it talked about reopening a claim. But today, it's explicit in the regulation, and we would argue, particularly based on that statement in the legislative history, that's always been the understanding, that we're reopening a claim based on new and material evidence. And if, indeed, VA determines that the evidence is new and material, then I think one could rightly say that the claim was pending the whole time because there was new and material evidence that was never adjudicated. But here, VA, and that was a possibility in Bond and Barreau because no one had ever looked at the evidence. And so the court said there was no indication whatsoever in the record that VA had ever looked at that evidence. Here, this case does come up to the court in a different posture because VA essentially did what this court ordered it to do on remand in Bond and Barreau and looked at the evidence and said it's not new and material. It would not be a good idea to have a new and material evidence standard that is not at all, an exception to finality, that is not at all dependent on whether the evidence is new and material. It would be totally divorced from the regulation. One other issue that I wanted to address here is the issue, our argument in the alternative that VA addressed this evidence or made the requisite determination on an implicit basis in its 1996 determination, rejecting Mrs. Diehl's claim for her psychiatric disorder again, as it had in 1992. And I think the crux of the argument here is appellants point to a statement that the board made, and the state is important, in its 2021 decision at page 115 of the record, where the board says something to the effect of, we didn't address this evidence in the 1996 decision. I mean, I think that statement is correct to the extent the board seems to be saying we didn't explicitly address that evidence. Obviously, in 2021, the board did not have the benefit of this court's decision in all of Pickett, 2023 and 2025 decisions, in all of Pickett, Hampton, and Williams, all of which held, I think, as far as this court goes, for the first time, that there could be an implicit determination. It is clear on the face of that 1996 decision, it's at page 32 of the record, that VA stated specifically that part of the evidence it considered, this is item number two under the list of evidence considered, are Mrs. Geale's treatment records from the Alvin York VA Medical Center, from 1992 to 1994, which include the particular treatment record that is the source of the new and material evidence allegation in this case. VA went on to deny the claim for the same reasons it had denied the 1992 claim. So that does seem to be, first of all, I think it reconciles. You do contend that 3.156B was satisfied in this case in 1996, merely by the listing of the evidence. Well, not merely by the listing. VA made clear that it had considered that evidence, which is the listing. It went on to deny the claim for the same reasons that it denied the claim in 1992, because there was still nothing. The listing and saying it's being considered is sufficient to satisfy the obligation under 3.156B, is your contention? I would go slightly further than that, which is that they denied service connection for the same basis that they denied it in 1992. The issue was that there was still nothing, so far as VA was concerned, showing that her disorders related back to her time in service. So I think the continuity, and this is what we said in our brief, the continuity between the nature of the denial in 1992 and the denial in 1996, means that VA was not finding this evidence to be new and material, because it still didn't address the material issue. Therefore, regardless of what ultimately happened in the 1996 claim, the 1991 claim that was decided in 1992 became final, at least as of that date in 1996. What is our standard of review in this case? What's the standard we apply when reviewing materiality? Well, materiality is a factual determination. So in truth, and we made the jurisdictional argument, this Court lacks jurisdiction over any kind of dispute about whether the evidence was material or not. I think that's become academic, because appellant has been so clear, at least in their reply brief, that they do not challenge the materiality. So I think at this point, all of us here have to accept the VA's determination that this evidence was not new and material. And again, that creates the problem. It would be a step too far for this Court to say, it doesn't even matter for purposes of the new and material evidence exception, whether the evidence is new and material, the party just gets the benefit of an earlier effective date, or at least the claim is open in that way ad infinitum. That's the difference here. There's been a determination. And that's why the Court should, we respectfully request that the Court affirm the decision. If we think 3.156B was not complied with by VA until 2021, does it make any difference to the outcome of this appeal? No, Your Honor. These are two alternative ways that the Court could affirm the judgment of the Court of Appeals for Veterans Claims. We think that even if VA first made this determination in 2021, it is still dispositive, because you can't have an exception for new and material evidence to the finality of the 1992 decision without something that someone has determined is new and material evidence. But we would have to say on the 2021 theory that the claim was, as you've argued, closed in 1992, and the issue was whether it should be reopened. We couldn't affirm, I think, if we agree with the appellant or the petitioner, that the 1991 claim remained open until 2021. I think Your Honor is correct. I think that theory would be inconsistent with the nature of the regulation. I mean, it's explicit in the 2025 version of the regulation. I think that certainly if there's evidence out there, like in the case of Bond and Bureau, that seems like it might be new and material, that VA still needs to adjudicate. There's a possibility that the claim remains open or pending, but it can't be reopened without new and material evidence. I guess I'm constrained. The last analogy I would make is this Court deals a lot of time with Q claims, right? I think a clear and unmistakable error is another basis on which an old determination can be reopened. And the Court does so all the time. That doesn't mean that the claim was open that whole time. If there's a determination that there's Q, even if that error existed for however long, the claim might be reopened on that basis, but you wouldn't say it's been open that whole time. And this is not a case where VA was being, you know, draconian. I mean, ultimately, after this 2016 grant and a remand from the Court of Appeals for Veterans Claims, VA did grant Ms. Diehl an effective date all the way back to her 1995 claim, based on a determination that some of the evidence submitted after that was new and material. We just found that this evidence, going back to the 1991 claim, was not new and material. We respectfully request deferment. Okay, thank you. Mr. DeHacquez, you've got a couple minutes. I have two points, Your Honor. Number one, it's important to understand that 3156B does a lot of different things. As the Secretary talked about, it does reopen a final claim, but that presupposes a final claim. The 1992, no, sorry, the 1991 claim was not final until one year after the 1992 decision. And Barad says that because this evidence triggered 3156B, the claim remained open. So the materiality of the evidence is irrelevant until it becomes final, which did not happen, which it still is not final technically because it's been appealed. The regulation also treats new and material evidence, treat it as if it was submitted with the claim. That part of it doesn't really apply to this case. But then the third thing that it does, or at least the third thing, is that under Barad, the VA is required, when it receives evidence that triggers this regulation, to provide a response of determination in telling the veteran whether the evidence is new and material. The notice of that response of determination with appellate rights is what finalizes that earlier claim. And whereas here, that didn't happen until after the claim was granted, after Mrs. Deal appealed the effective date and appealed it all the way up to this court, the earlier claim remains pending. With respect to the idea that the 1996 decision implicitly adjudicated this claim, this is what the board said, and I'm reading Appendix 115. However, the May 1996 rating decision did not address the May 1993 VAMC medical opinion. And so this is also a factual determination. This court lacks jurisdiction to review any facts. The Secretary under 7252A cannot appeal the board's decision. This fact-finding by the board is dispositive, is undisputed. It doesn't matter that there was a change in law. The board made this fact-finding. This court is not permitted to go back under its jurisdictional statute and reassess whether the 1996 decision implicitly considered the evidence. So we would again ask for reversal that the date of claim under 5110 is the 1991 claim in order to remand for fact-finding whether she met the other requirements. Thank you. Thank you, Mr. DeHoff. I thank both counsel. The case is submitted.